Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALFONSO FRANCO CAMBRON,  on behalf of
himself, and others similarly situated,

                              Plaintiff,

    -against-

REPETTI CAR WASH CORP.,
*dba* JNS CARWASH, or any other
corporate entity doing business as
JNS CARWASH, located at 148 Broadway,
Hawthorne, NY 10532, and JOHN REPETTI,
and SUSAN REPETTI, individually,

                           Defendants.

Case No.:  18 CV 7741

**COMPLAINT in an
FLSA ACTION**

ECF Case

---

Plaintiff, Alfonso Franco Cambron ("Plaintiff"), on behalf of himself, and other employees similarly situated, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendant, Repetti Car Wash Corp., and/or any corporate entity doing business as J-N-S Carwash, located at 148 Broadway, Hawthorne, New York 10532 (hereinafter "JNS Carwash"), and John Repetti and Susan Repetti, individually (corporate and individual defendants collectively referred to herein as the "Defendants"), and states as follows:

### INTRODUCTION

1.     This action brought by Plaintiff, alleges violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), and the New York Labor Law, arising

from Defendants' failure to pay wages for all hours worked, minimum wages, and overtime compensation.

2.      Plaintiff alleges that, pursuant to the FLSA, he is entitled to recover from the Defendants: (1.) unpaid wages and minimum wages; (2.) unpaid overtime wages; (3.) liquidated damages; (4.) pre-judgment and post-judgment interest; and, (5.) attorneys' fees and costs.

4.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1.) unpaid wages and minimum wages; (2.) unpaid overtime wages; (3) unpaid "spread of hours" premium for each day he worked more than ten (10) hours; (4.) liquidated damages and civil penalties pursuant to the New York State Wage Theft Prevention Act; (5.) pre-judgment and post-judgment interest; and, (6.) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7.      Plaintiff is an adult resident of Westchester County, New York.

8.      Upon information and belief, Defendant, Repetti Car Wash Corp., was and is a domestic business entity organized and existing under the laws of the State of New York, with a principal place of business located at 148 Broadway, Hawthorne, New York 10532.

9.      Defendants have done, and continue to do, business under the name JNS Carwash, located at 148 Broadway, in Hawthorne, New York.

2

10.     Defendant, JNS Carwash was, and is registered to do business, and does business, in New York.

11.     During his employment with the Defendants, Plaintiff worked in interstate commerce.

12.     At times relevant to this litigation, Defendants were the Plaintiff's employer within the meaning of the FLSA and the New York Labor Law.

13.     At all relevant times, JNS Carwash, was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

14.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by the Defendants.

15.     At relevant times, Defendant knowingly and willfully failed to pay Plaintiff lawfully earned minimum wages and overtime compensation in contravention of the FLSA and New York Labor Law.

16.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

17.     Upon information and belief, Defendant, John Repetti, is an owner, officer, director and/or managing agent of JNS Carwash, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of JNS Carwash and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with JNS Carwash.

18.     Upon information and belief, Defendant, Susan Repetti, is an owner, officer, director and/or managing agent of JNS Carwash, whose address is unknown at this time and who

3

participated and continues to participate in the day-to-day operations of JNS Carwash and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with JNS Carwash.

19.     Plaintiff was employed by the Defendants in Westchester County, New York as a carwash attendant and general helper, for Defendants' carwash known as "JNS Carwash", from in or about March 2017, through April 23, 2018.

20.     At relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned minimum wages for all hours worked, and overtime wages, in contravention of the FLSA and New York Labor Law.

21.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

22.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time records.

23.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

## STATEMENT OF FACTS

24.     In or about March 2017, Plaintiff, Alfonso Franco Cambron, was hired by Defendants to work as a non-exempt general helper at Defendants' car wash known as "JNS Carwash" located at 148 Broadway, Hawthorne, New York 10532.

25.     Plaintiff, Alfonso Franco Cambron, worked for the Defendants continuously between March 2017 until on or about April 23, 2018.

4

26.    During Plaintiff Alfonso Franco Cambron's employment by Defendants, he worked over forty (40) hours per week. During the course of her employment Plaintiff generally worked six (6) days per week, normally working between eight (8) and ten (10) hours per shift. He often worked up to between forty five (45) and sixty-five (65) hours per week.

27.    Plaintiff's compensation was an hourly wage of $9.00 per hour, in cash.

28.    Plaintiff was not paid an additional "overtime premium" for hours worked above forty (40) each week.

29.    Plaintiff's compensation was below the minimum wage under state law.

## COLLECTIVE ACTION ALLEGATIONS

30.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA wages or the New York State wages to Plaintiff and other similarly situated employees.

31.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

32.    Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since August 2015, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

33.     Plaintiff bring this action individually and as class representatives on behalf of all other current and former non-exempt employees who currently are, or have been employed by the Defendant for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period"), and whom did not receive proper overtime compensation for all hours worked above forty (40) per week (the "Collective Action Members").

34.     The identity and precise number of Collective Action Members is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, the class consists of dozens of current and former employees, and, is so numerous that joinder is impracticable and most individuals would not be likely to file suit because they lack financial resources, access to attorneys, or knowledge of their claims.

35.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that are experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

36.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

37.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

38.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the questions of law and fact common to Plaintiff and Collective Action Members are:

    a.  Whether the Defendants employed Collective Action members within the meaning of the FLSA;

    b.  Whether Plaintiff and the Collective Action Members were improperly classified as exempt under the FLSA;

    c.  Whether Defendants failed to pay overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    d.  Whether Defendants' violations of the FLSA were willful as that term is used in the context of the FLSA;

    e.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, statutory, interest, costs, disbursements, and attorneys' fees.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

39.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "38" of this Complaint as if fully set forth herein.

40.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce

within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41.    At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

42.    Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

43.    Plaintiff worked hours for which he was not paid wages, minimum wages and/or overtime compensation.

44.    Plaintiff was entitled to be paid at the rate of time and one-half the applicable minimum rate of pay for all hours worked in excess of the maximum hours provided for in the FLSA.

45.    At relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff wages for all hours worked, minimum wages, and overtime compensation at time and one-half Plaintiff's regular rate of pay (or the statutory minimum wage), for all hours worked in excess of forty (40) hours per workweek.

46.    Defendants failed to pay Plaintiff wages and overtime compensation in the lawful amounts, for all hours worked each workweek.

47.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff lawful wages and overtime compensation, for all hours worked, when they knew or should have known such was due and that non-payment of such would financially injure Plaintiff.

48.    Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of

employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

49.    Records, if any, concerning the number of hours worked by Plaintiff, and the actual compensation paid to Plaintiff, are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50.    Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

51.    As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

52.    Due to the willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus liquidated damages and civil penalties, and prejudgment interest thereon.

53.    Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

54.    Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

55.    Defendant, John Repetti, is an individual who, upon information and belief, owns the stock of JNS Carwash, owns JNS Carwash, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

56.     Defendant, Susan Repetti, is an individual who, upon information and belief, owns the stock of JNS Carwash, owns JNS Carwash, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## COUNT II
### [Violation of the New York Labor Law]

57.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay wages, minimum wages, and overtime wages at rates of not less than one and one-half times his regular rate of pay (or the statutory minimum rate of pay) for each hour worked in excess of forty (40) hours per workweek.

60.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff, for each day he worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

61.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid wages, unpaid minimum wages, unpaid overtime compensation, unpaid spread-of-hours premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York State Wage Theft Prevention Act.  Plaintiff also seeks civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act and New York.

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

62.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

63.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

64.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

65.    Plaintiff was paid in cash, and was not provided with a true and accurate wage statement as required by law.

66.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

### PRAYER FOR RELEIF

WHEREFORE, Plaintiff Alfonso Franco Cambron, respectfully requests that this Court grant the following relief:

a.    An award of unpaid wages / minimum wages / and overtime compensation due under the FLSA and New York Labor Law;

b.    An award of liquidated and/or punitive damages as a result of Defendants' failure to pay overtime wages pursuant to 29 U.S.C. § 216 and the New York Labor Law;

c.    An award of civil penalties as a result of Defendants' violations of New York Labor Law;

11

d.    An award of prejudgment and post-judgment interest;

e.    An award of costs and expenses of this action together with attorneys' fees; and,

f.    Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 24, 2018

                              Respectfully submitted,

                              CILENTI & COOPER, PLLC
                              **Attorneys for Plaintiff**
                              708 Third Avenue – 6th Floor
                              New York, NY 10017
                              Telephone (212) 209-3933

                     By:    _____
                              Peter H. Cooper (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Alfonso Franco Cambron, am an employee currently or

formerly employed by Jn S Carwash, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
August 2, 2018

Alfonso Franco