# CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017
_____
Telephone (212) 209-3933
Facsimile (212) 209-7102
Email: info@jcpclaw.com

December 10, 2018

**BY ECF**

Honorable Vincent L. Briccetti, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

        Re:        *Alfonso Franco Cambron v. Repetti Car Wash Corp., et. al.*
        Case No.:  **18 Civ. 7741 (VB)**

Dear Judge Briccetti,

We are counsel for the plaintiff in the above-referenced action. We write jointly with counsel for defendants and with reference to the court's order dated November 13, 2018 [Docket 14], to request that a settlement reached in the case be approved.

As plaintiff's action and claims arise under the Fair Labor Standards Act, 29 USC § 216(b) ("FLSA"), the Parties' settlement must be approved by this Court. *See*, *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. Aug. 7, 2015).

> The Fair Labor Standards Act expressly prohibits settlement of any right to unpaid minimum wages or unpaid overtime claims by employees, made pursuant to 29 USC §§ 206-07, without the supervision of the Secretary of Labor. 29 USC §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to FLSA's restriction on settlement to include judicially-supervised stipulated settlements. *See Manning v. New York Univ.*, 2001 WL 963982, *12-13 (SDNY 2001)(*citing D.A. Schulte, Inc., v. Gangi*, 328 US 108, 113 n.8 (1946) and *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982).

*Simel v. JP Morgan Chase*, 2007 WL 809689 (S.D.N.Y. 2007). *See also Sampaio v. Boulder Rock Creek Developers, Inc.,* 2007 WL 5209390 (E.D.N.Y. 2007); *Medley v. Am. Cancer Soc.*, 2010 WL 3000028 (S.D.N.Y. 2010) (Jones, Barbara S.)(approving settlement); *Mendez v.*

*Nooch, Inc.,* 2009 WL 666771 (S.D.N.Y. 2009) (Mag. Ellis, Ronald L.) (Individual action). The Parties have executed a written settlement agreement (the "Settlement Agreement"), a copy of which is annexed as Exhibit "1", and jointly ask the Court to approve the settlement and dismiss the case with prejudice, retaining jurisdiction only to enforce the terms of the settlement.

This case was brought on behalf of an individual against his former employer, a car wash in Hawthorne, New York. Although it was initially framed as a collective action, the employer is small and plaintiff did not attempt to certify a class or collective action, so there are no unrepresented/putative plaintiffs. Defendant is a single location and it should be noted that the car wash claimed to be struggling in a challenging environment where rents are escalating at an unsustainable pace.

### Damages Calculations

Alfonso Cambron alleged that he worked at a car wash owned and managed by the defendants[1] during approximately one (1) year. He alleged that he worked between forty-five and sixty-five hours per week, and was paid an hourly wage of $9.00 per hour, for all hours worked.

Although an employee who earn gratuities may be paid less than full minimum wage under some limited circumstances, an employer's entitlement to a "tip allowance" is not automatic. Rather, the statutory and regulatory scheme provides for a maximum allowance that can be taken against an employer's minimum wage obligations, but only if certain conditions are met. *See* NY Labor Law § 652(4); N.Y. Comp. Codes R. & Regs. tit. 12 §§ 137-1.4, 137-1.5. In this case, plaintiff alleged defendants failed to meet the necessary conditions by failing to contemporaneously claim the amount for a tip credit or calculate it properly.

The parties exchanged payroll records. Plaintiff calculated his minimum wage and overtime deficiency to be approximately ten thousand dollars ($10,000), in addition to liquidated damages. Defense counsel also performed calculations which yielded a substantially lower alleged underpayment (and also set forth a basis for dismissal of the federal claims, including the argument that the gross volume of sales is less than $500,000).

### Settlement

The parties exchanged information and negotiated leading up to and during an in-person meeting with a court-assigned mediator at defense counsel's office in New Rochelle, on November 7th.

The Parties represent to the Court that the settlement is a fair and reasonable resolution of a bona fide dispute reached as a result of extensive negotiations between the parties, and through their attorneys, including during the mediation session arranged by the Southern District. The amount of the settlement is to be paid in three (3) installments, the first of which must be

---

[1] The parties stiulated that defendant Susan Repetti was not an owner or employer and the case would be dismissed against her with prejudice. As such, she is not a party to the settlement.

tendered within thirty (30) days after approval and dismissal of the action and then two (2) additional installments spaced sixty (60) days apart.

Of the total settlement, counsel for plaintiff states that plaintiff will receive two-thirds; and counsel will receive one-third (1/3), in satisfaction of attorneys' fees, costs, and expenses.

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

This settlement was reached as a result of extensive, arm's length negotiations between counsel who are well versed in the prosecution and defense of wage and hour collective actions and with the assistance of a court-assigned mediator, known to the undersigned as experienced and highly qualified, who volunteered his time as a mediator in this case. The settlement will make plaintiff whole, with a substantial portion of liquidated damages, after payment of one-third to counsel for attorneys' fees.

Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement. *See*, *Aponte v. Comprehensive Health Management, Inc.*, 2013 WL 1364147 at *4 (S.D.N.Y. 2013). Considering the risks to plaintiff and the amount in dispute, we respectfully submit that this settlement is fair and reasonable under the most restrictive application of such analysis.

Attorneys' fees in FLSA settlements are also examined, to ensure that the interests of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients. *Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). Here, informal paper discovery was exchanged and the case settled early in the proceedings. To date, Cilenti & Cooper, PLLC and incurred almost twenty (20) hours of attorney time through present, resulting in the case bring brought to early resolution. Had litigation continued, the award of fees would have been necessarily substantially higher. Moreover, counsel, like the plaintiff, risk obtaining a large but uncollectable judgment for an uninsured claim against a relatively small business. As such, counsel respectfully submits that settlement is in the best interests of the parties, and moreover, the settlement does not favor plaintiff's counsel over plaintiff himself. The attorneys' fees proposed are also consistent with the retainer agreement between plaintiff and the firm. Recognizing the "significant risks" undertaken by attorneys who work on contingency, the New York State Court of Appeals has upheld such agreements of one-third or higher. *See*, *In re Lawrence*, 2014 WL 5430622 (NY October 28, 2014). *See also*, *Sukhnandan Royal Healthcare of Long Island*, 2014 U.S. Dist. LEXIS 105596, *27 (S.D.N.Y. 2014) (without contingency agreements, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk.); *Sand v. Greenberg*, 2010 U.S. Dist. LEXIS 1120, *9 (S.D.N.Y. 2010) (the New York Labor Law is a remedial statute, the purpose of which is served by adequately compensating attorneys who protect wage and hour rights.") Plaintiff is indigent and Cilenti & Cooper, PLLC has not received any remuneration for its time, or reimbursement of its expenses.

We respectfully request that this Court approve the Settlement Agreement of the Parties, and dismiss the instant action between the parties with prejudice. A proposed order of dismissal is attached hereto as Exhibit "2".

For all of the foregoing reasons we jointly, and respectfully, ask the court to approve the settlement and dismiss the case, retaining jurisdiction for a three (3) month period, for the unlikely event of a dispute arising in connection with the settlement.

On behalf of the parties we thank the court for its consideration of this matter.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Peter H. Cooper* | */s/ Vincent P. Nesci* |
| Peter H. Cooper, Esq. | Vincent P. Nesci, Esq. |
| Attorney for Plaintiffs | Attorney for Defendants |